**UNITED STATES DISTRICT COURT**        **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**        **MINUTE ORDER**

BEFORE:    A. KATHLEEN TOMLINSON        DATE:    <u>7/1/09</u>
             U.S. MAGISTRATE JUDGE          TIME:    <u>12:00 p.m.</u>

*Henry Schein, Inc. -v- Craig Holbrook, et. al*, **CV 09-2769 (LDW) (AKT)**

TYPE OF CONFERENCE:    **EXPEDITED DISCOVERY PLANNING CONFERENCE**

APPEARANCES:    Plaintiff      Scott A. Eggers
                         Bruce E. Fader

                Defendants    Seth E. Spitzer (Holbrook Defendants)
                         Scott S. Rose (Patterson Dental Supply, Inc.)

THE FOLLOWING RULINGS WERE MADE:

       Today the parties appeared before Judge Wexler on Plaintiff's application for an Order to Show Cause for a Preliminary Injunction, Expedited Discovery, and a Temporary Restraining Order ("TRO"). Judge Wexler issued a TRO, scheduled a hearing on Plaintiff's motion for a preliminary injunction on July 13, 2009, and referred the parties to me for issuance of an expedited discovery schedule. Accordingly, I met today with the parties to establish the scope of discovery and scheduling of the same. After reviewing Plaintiff's Order to Show Cause, as modified and signed by Judge Wexler, and having heard from all counsel on the expected scope of discovery, I made the following rulings:

1.    By **July 2, 2009 at 11:00 a.m.**, counsel for Plaintiff and Defendants are to inform each other of the individuals and corporate representatives they wish to depose and the locations in which those depositions will take place. Some witnesses are in Hawaii. Although the Federal Rules do not take a position regarding where a party witness should be deposed, generally, "the party noticing the deposition usually has the right to choose the location." <u>Buzzeo v. Board of Educ., Hempstead</u>, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citing 7 Moore's Federal Practice, § 30.20[1][b][ii]). However, there is also "a general presumption that a non-resident's deposition will be held where he or she resides or works." <u>Bank of New York v. Meridien Biao Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 155 (S.D.N.Y. 1997); <u>Mill-Run Tours, Inc. v. Khashoggi</u>, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) (citing cases); <u>Buzzeo</u>, 178 F.R.D. at 392. Courts have "substantial discretion to designate the site of a deposition." <u>Bank of New York</u>, 171 F.R.D. at 155; 7 Moore's Federal Practice, § 30.20. The parties are free to discuss the location and method of taking the testimony. However, if they are unable to reach an agreement, I have advised the parties that I adopt the presumption of depositions being held in the federal district where the witness resides or works.

2.    Beginning **July 2, 2009**, the parties are to begin exchanging responsive documents on a rolling basis. All documents are to be provided to opposing counsel by **5:00 p.m. on July 7**. If additional documents come to light thereafter, such documents are to be produced immediately with an explanation of the good faith basis for any delay.

3.    Depositions will be conducted between **July 8 to July 10, 2009** (or earlier if the parties agree). Because of the number of depositions expected to be taken (between six and eight) and the time

frame in which the parties are working, the parties are to cooperate in scheduling the depositions.

4.     Based upon the discussions with the attorneys during today's conference, it looks as if a Stipulation and Order of Confidentiality will be needed.  Therefore, the parties will work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered."  That Order will then become part of the Court record.

5.     Based upon the compressed time frame of expedited discovery here, if a dispute arises which the parties are unable to resolve after complying with their obligations under Local Civil Rule 37.3, I am directing the parties to contact Chambers expeditiously, with counsel for all parties on the line, at which time I will either adjudicate the discovery dispute or my Law Clerk will give the parties a specific time to call back for that purpose.

6.     The Court notes that Defendants' counsel has not yet filed their Notices of Appearance, and therefore will not receive notification of filings on ECF.  Accordingly, the Court requests that, as a courtesy, Plaintiff's counsel serve a copy of this Order on Defendants' counsel forthwith. In addition, Defendants' counsel are directed to file their Notices of Appearance forthwith.


SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge