

Bruce E. Fader
Scott A. Eggers
Anthony T. Wladyka, III
PROSKAUER ROSE
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
Email: seggers@proskauer.com

*Attorneys for Plaintiff Henry Schein, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY SCHEIN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG HOLBROOK, HOLBROOK ENTERPRISES, LLC d/b/a GLOBAL MEDICAL & DENTAL, a Hawaii limited liability company, and PATTERSON DENTAL SUPPLY, INC., a Minnesota corporation,<br><br>Defendants. | 09 CV 2769 (LDW)(AKT)<br><br>**ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION, EXPEDITED DISCOVERY, AND A TEMPORARY RESTRAINING ORDER** |

Upon the annexed declarations of David Arthur Steck, Richard Miranda, and Bruce E. Fader, Esq., all executed June 30, 2009, and the exhibits thereto, the Complaint in this action, and Plaintiff's accompanying Memorandum of Law, and good cause being shown therefor;

And upon reviewing the confidentiality provision of the Exclusive Sales Agent Agreement annexed to the Complaint as Exhibits A, B and C (the "Agreement") between the Plaintiff Henry Schein, Inc. ("Schein") and Defendant Holbrook Enterprises, LLC d/b/a Global Medical and Dental ("Global"), which reads:

> [Global], on his or its own behalf and on behalf of any and all of his or its
> employees, hereby agrees, at any time not to divulge, use, derive monetary or

economic benefit from or make accessible to any person or business entity any of [Schein's] trade secrets and/or confidential or proprietary information including, but not limited to, the identity or lists of customers, customer's needs and requirements, business methods, operational procedures, cost and price information, organizational and/or other business or financial information, or any other information for or incidental to the manufacture, marketing, or promotion of Products or the business structure or related elements or areas of [Schein's] organization . . . (all such information or any part thereof, the "Confidential Information") without the prior written consent of [Schein];

And upon reviewing the restrictive covenant contained in the Agreement, which reads:

Agent covenants and agrees that Agent will not, at any time during any term hereof, directly or indirectly, within the Territory or within any other geographical area or territory where the business of [Schein] is presently being conducted . . own, manage, operate or control, or participate in the ownership, management, operation or control of, or be connected with or have any interest in, as an employee, consultant, advisor, agent, owner, partner, co-venturer, principal, director, stockholder, lender or otherwise, any business or enterprise that is competitive with any significant part of the business conducted by [Schein];

IT IS HEREBY ORDERED, that Defendants show cause before this Court in Room 940 of the United States Courthouse located at 944 Federal Plaza, Central Islip, New York 11722 on July 13 2009, at 10 o'clock A.M., why an order should not be made and entered herein, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, (i) preliminarily enjoining Defendants during the pendency of this action from taking any action, including through their agents or employees, violating the restrictive covenants and confidentiality provisions of the Agreement between Schein and Global; (ii) preliminarily enjoining Defendants during the pendency of this action from disclosing or utilizing, including through their agents or employees, Schein's trade secrets and confidential and/or proprietary information and other property in their possession ("Schein Confidential Information") in any fashion or disclosing it to third parties; (iii) requiring

2

Defendants immediately to return to Schein all copies of the Schein Confidential Information and other property belonging to Schein in their possession; and (iv) for such other and further relief as the Court deems just and proper; and

IT IS FURTHER ORDERED, that pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and in order to prevent immediate and irreparable injury, loss and damage to Schein which would arise from Defendants' continued possession, use, and/or disclosure of the Schein Confidential Information to third parties and from Defendants' competition with Schein despite the restrictive covenant present in the Agreement, which irreparable harm was recognized and set forth in the Agreement at Section 12(d), Defendants Craig Holbrook, Global and Patterson Dental Supply, Inc., and all persons acting in concert or participation with Defendants, including any current or former employees of Global who are now employees of Patterson Dental Supply, Inc., or any of its affiliates, are temporarily restrained and enjoined pending the hearing on Schein's Motion for a Preliminary Injunction, from: *2 years* [initials]

(i) Selling any dental products or equipment to any customer in the State of Hawaii if such person had in the past sold any dental products or equipment to that customer on behalf of Schein or Global, or providing assistance of any kind to any other person in selling dental products or equipment to such customers;

(ii) Communicating with or soliciting any customer or prospective customer of dental products or equipment in the State of Hawaii for the purpose of obtaining sales or business from that customer or prospective

3

customer, if such person had in the past [2 years] communicated with or solicited that customer or prospective customer concerning the purchase of dental products or equipment from Schein or Global, or providing assistance of any kind to any other person in communicating with or soliciting such customers;

(iii) Using, disclosing, or transmitting for any purpose (other than to counsel for the purpose of defending this litigation or complying with this Order), any records, documents, or information relating to any customer or potential customer that such person had communicated with or solicited [during the past two years] concerning the purchase of dental products or equipment from Schein or Global (the "Schein Records and Information");

(iv) Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Schein Records and Information; and

IT IS FURTHER ORDERED that, within seven days of the date of this Order to Show Cause, and in accordance with the terms of the Agreement, Defendants and all persons acting in concert or participation with Defendants, including all former employees of Global who are now employees of Patterson Dental Supply, Inc., shall return to Schein all records, documents, and information pertaining to customers of Global or Schein or the business operations of Schein and/or any of its affiliated or related entities, whether in original, copied, computerized,

4

the parties are granted the opportunity to engage in expedited discovery. The parties are directed to contact the assigned Magistrate Judge for the purpose of entering into an appropriate discovery schedule.

handwritten or any other form, and to purge any such information from their possession, custody, or control after providing all such information to Plaintiff's counsel; and

IT IS FURTHER ORDERED, that pursuant to Rules 26(d) and 34(b) of the Federal Rules of Civil Procedure, that Plaintiff may conduct expedited discovery from Defendants, in accordance with the document requests and deposition notices annexed to Plaintiffs' Motion, and that (i) Defendants shall produce the responsive documents to counsel for Plaintiff by July ___, 2009, together with written responses to such document requests, unless otherwise agreed by the parties or as modified by further order of this Court; and (ii) that Defendants shall produce witnesses for the noticed depositions by no later than July ___, 2009, at the offices of Proskauer Rose LLP, 1585 Broadway, New York, New York 10036 (or at such other location that may be mutually agreed); and

IT IS FURTHER ORDERED, that Defendants may serve document requests and deposition notices for no more than three depositions of Plaintiff on or before July ___, 2009, and that (i) Plaintiff shall produce the responsive documents to counsel for Defendants by July ___, 2009, together with written responses to such document requests, unless otherwise agreed by the parties or as modified by further order of this Court; and (ii) that Plaintiff shall produce the witnesses for the noticed depositions by no later than July ___, 2009, at the offices of Defendants' counsel in New York, New York (or at such other location that may be mutually agreed); and

IT IS FURTHER ORDERED that Defendants' answering papers in opposition to the Motion for a Preliminary Injunction be filed with this Court and personally served by hand or electronic mail upon Plaintiffs' counsel, on or before July 9, 2009, at 5 PM (eastern time); and

5

IT IS FURTHER ORDERED that Plaintiff's reply papers in further support of its Motion for a Preliminary Injunction shall be filed with this Court and personally served by hand or electronic mail upon Defendants' counsel on or before July 13, 2009, at 9 A.M. ~~5 PM~~ (eastern time).

Dated: Central Islip, New York

July 1, 2009 at 11:40 o'clock A.M.

SO ORDERED:

_____
United States District Judge

*Plaintiff shall file a bond in the amount of $100,000 with the Clerk of the Court by July 2, 2009 at 5:00 P.M.*

L.D.W.