UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HENRY SCHEIN, INC.,

a Delaware corporation,

                        Plaintiff,

v.

CRAIG HOLBROOK, HOLBROOK
ENTERPRISES, LLC d/b/a GLOBAL
MEDICAL & DENTAL, a Hawaii corporation,
and PATTERSON DENTAL SUPPLY, INC., a
Minnesota corporation,

                        Defendants.

---

09 CV 2769 (LDW)(AKT)

**STIPULATION AND CONSENT ORDER**

---

      WHEREAS, on June 29, 2009, Plaintiff Henry Schein, Inc. ("Schein") commenced this action (the "Action") against Defendants Craig Holbrook ("Holbrook"), Holbrook Enterprises, LLC d/b/a Global Medical & Dental ("Global"), and Patterson Dental Supply, Inc. ("Patterson Dental") seeking to enforce certain restrictive covenants contained in a certain Exclusive Sales Agent Agreement, dated April 1, 1996, as amended on May 1, 2002 and as amended on October 26, 2005 (the "Sales Agent Agreement") between Schein and Global, as set forth in the Complaint in this Action; and

      WHEREAS, the parties wish to resolve their differences and to settle this Action on the terms set forth in a Stipulation of Settlement, dated July 8, 2009, and to have certain of the terms of that Stipulation of Settlement entered by the Court as a Consent Order;

      NOW THEREFORE, the parties hereto agree as follows:

      1.     The parties respectfully request that the Court enter the Consent Order annexed hereto as Exhibit A and consent to the entry of that Consent Order.

Dated: New York, New York
       July 8, 2009

PROSKAUER ROSE LLP
*Attorneys for Plaintiff Henry Schein, Inc.*

By: _____
      Bruce E. Fader
      Scott A. Eggers
      Anthony T. Wladyka, III
1585 Broadway
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900
bfader@proskauer.com
seggers@proskauer.com
awladyka@proskauer.com

WILLKIE FARR & GALLAGHER LLP
*Attorneys for Defendant Patterson Dental Supply, Inc.*

By: _____
      Francis J. Menton
      Scott S. Rose
787 Seventh Avenue
New York, NY 10019-6099
Tel.: 212.728.8502
fmenton@willkie.com
srose@willkie.com

SCHNADER HARRISON SEGAL & LEWIS LLP
*Attorneys for Defendants Craig Holbrook and
Holbrook Enterprises, LLC
d/b/a Global Medical & Dental*

By: _____
      Kenneth Puhala
      Seth E. Spitzer
140 Broadway, Suite 3100
New York, NY 10005-1101
Tel.: 212.973.8066
Fax.: 212.972.8798
KPuhala@Schnader.com
SSpitzer@Schnader.com

Dated: New York, New York
July 8, 2009

        PROSKAUER ROSE LLP
        *Attorneys for Plaintiff Henry Schein, Inc.*

        By:_____
            Bruce E. Fader
            Scott A. Eggers
            Anthony T. Wladyka, III
        1585 Broadway
        New York, NY  10036
        Tel.: 212.969.3000
        Fax: 212.969.2900
        bfader@proskauer.com
        seggers@proskauer.com
        awladyka@proskauer.com

        WILLKIE FARR & GALLAGHER LLP
        *Attorneys for Defendant Patterson Dental Supply, Inc.*

        By: /s/ _____
            Francis J. Menton
            Scott S. Rose
        787 Seventh Avenue
        New York, NY  10019-6099
        Tel.: 212.728.8502
        fmenton@willkie.com
        srose@willkie.com

        SCHNADER HARRISON SEGAL & LEWIS LLP
        *Attorneys for Defendants Craig Holbrook and*
        *Holbrook Enterprises, LLC*
        *d/b/a Global Medical & Dental*

        By:_____
            Kenneth Puhala
            Seth E. Spitzer
        140 Broadway, Suite 3100
        New York, NY  10005-1101
        Tel.: 212.973.8066
        Fax.: 212.972.8798
        KPuhala@Schnader.com
        SSpitzer@Schnader.com

Dated: New York, New York
       July 8, 2009

PROSKAUER ROSE LLP
*Attorneys for Plaintiff Henry Schein, Inc.*

By:_____
    Bruce E. Fader
    Scott A. Eggers
    Anthony T. Wladyka, III
1585 Broadway
New York, NY 10036
Tel.: 212.969.3000
Fax: 212.969.2900
bfader@proskauer.com
seggers@proskauer.com
awladyka@proskauer.com

WILLKIE FARR & GALLAGHER LLP
*Attorneys for Defendant Patterson Dental Supply, Inc.*

By:_____
    Francis J. Menton
    Scott S. Rose
787 Seventh Avenue
New York, NY 10019-6099
Tel.: 212.728.8502
fmenton@willkie.com
srose@willkie.com

SCHNADER HARRISON SEGAL & LEWIS LLP
*Attorneys for Defendants Craig Holbrook and Holbrook Enterprises, LLC d/b/a Global Medical & Dental*

By: */s/ Kenneth Puhala*
    Kenneth Puhala
    Seth E. Spitzer
140 Broadway, Suite 3100
New York, NY 10005-1101
Tel.: 212.973.8066
Fax.: 212.972.8798
KPuhala@Schnader.com
SSpitzer@Schnader.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HENRY SCHEIN, INC.,

a Delaware corporation,

                     Plaintiff,

v.

CRAIG HOLBROOK, HOLBROOK
ENTERPRISES, LLC d/b/a GLOBAL
MEDICAL & DENTAL, a Hawaii corporation,
and PATTERSON DENTAL SUPPLY, INC., a
Minnesota corporation,

                     Defendants.

09 CV 2769 (LDW)(AKT)

**CONSENT ORDER**

---

      WHEREAS, on June 29, 2009, Plaintiff Henry Schein, Inc. ("Schein") commenced this action (the "Action") against Defendants Craig Holbrook ("Holbrook"), Holbrook Enterprises, LLC d/b/a Global Medical & Dental ("Global"), and Patterson Dental Supply, Inc. ("Patterson Dental") seeking to enforce certain restrictive covenants contained in a certain Exclusive Sales Agent Agreement, dated April 1, 1996, as amended on May 1, 2002 and as amended on October 26, 2005 (the "Sales Agent Agreement") between Schein and Global, as set forth in the Complaint in this Action; and

      WHEREAS, on July 1, 2009, the Court entered an Order to Show Cause with Temporary Restraining Order and Order for Expedited Discovery that contained certain restrictions on the activities of Defendants pending the hearing on Plaintiff's Motion for a Preliminary Injunction (the "TRO"); and

WHEREAS, the parties wish to resolve their differences and to settle this Action on the terms set forth in a Stipulation of Settlement, dated July 8, 2009, and to have certain of the terms of that Stipulation of Settlement entered by the Court as a Consent Order;

NOW THEREFORE, the Court orders as follows:

1. <u>No Sales/No Solicitation Period</u>   From July 8, 2009 through Tuesday, September 1, 2009, inclusive (the "Prohibition Period"), Holbrook and any former employee of Global employed by Patterson Dental as a sales representative (collectively, Holbrook and such sales representatives are referred to as the "Global Salespeople") shall not:

   a. work in any capacity for Patterson Dental or perform work for Patterson Dental from any remote location, except that the Global Salespeople may attend training sessions offered by Patterson Dental or any vendor of Patterson Dental, at the former Global facility or elsewhere, provided that the Global Salespeople may be present at the former Global facility only in connection with their attendance at such training sessions and shall promptly depart those premises at the conclusion of any such sessions, and the Global Salespeople may attend trade shows and conventions outside of Hawaii;

   b. sell or offer to sell any dental products or equipment to any customer in the State of Hawaii, or provide assistance of any kind to any other person in selling any such products, or discourage any such customer from purchasing any dental products or equipment from Schein; and

   c. communicate with or solicit any customer or prospective customer of dental products or equipment in the State of Hawaii, or provide assistance of any kind to

2

any other person in communicating with or soliciting such customers (except that the Global Salespeople may visit their personal dentists solely for the purpose of receiving dental care).

2. <u>Patterson Sales Representatives</u>    During the Prohibition Period, Patterson Dental may employ salespeople in Hawaii who are not Global Salespeople (referred to herein as "Patterson Salespeople") who were employed or engaged by Patterson Dental in the State of Hawaii as of June 15, 2009. The Patterson Salespeople may sell dental products and equipment in the State of Hawaii during the Prohibition Period, and may solicit customers and prospective customers of such products and equipment, provided that such customers or potential customers had first been contacted by such Patterson Salespeople prior to June 15, 2009. In no event shall the Patterson Salespeople utilize any information of any kind concerning such customers (including, but not limited to, any customer lists or customer contact information) received from Global or any Global Salespeople.

    a. For purposes of verifying that the Patterson Salespeople are contacting only those customers or potential customers whom they had first contacted prior to June 15, 2009, Patterson Dental shall supply to Timothy Sullivan at Schein a list of such customers (without names, broken down by zip code and city, town or village) and shall supply to Timothy Sullivan a copy of the written instructions to the Patterson Salespeople on their obligations under this Stipulation of Settlement. These documents may not be distributed to anyone other than to Schein's in-house counsel or outside counsel.

3. <u>Return Of Schein Information</u>    Within seven business days of the date of the parties' Stipulation Of Settlement, Patterson Dental shall take all steps reasonably

3

necessary to provide to Schein, at Patterson Dental's expense, all computers and peripheral equipment belonging to Schein, and any records, documents, and information pertaining to customers of Global or Schein or the business operations of Schein and/or any of its affiliated or related entities, whether in original, copied, computerized, handwritten or any other form, including, but not limited to, a current and complete Global customer list. Schein shall select the vendor who will deliver such information to Schein. Patterson Dental, Holbrook, and Global shall not be responsible for any damage to or loss of any such information after the information is picked up by the vendor selected by Schein. Patterson Dental shall purge any such information from Patterson Dental's possession, custody, or control after providing all such information to Schein.

   a. Patterson Dental shall provide to Schein, within fourteen business days of the execution of the Stipulation of Settlement, an affidavit sworn to by a knowledgeable member of Patterson Dental's senior management, that Patterson Dental's obligations under this paragraph 3 and paragraph 5 below have been complied with.

4. <u>Return of Schein Inventory</u>   Commencing Monday, July 13, 2009, Patterson Dental shall provide Schein or its designees with access to the Global warehouse between the hours of 8:30 a.m. and 6:30 p.m. (local time in Hawaii), Monday, July 13, 2009 to Saturday, July 18, 2009, to enable Schein to conduct a count of the inventory remaining in the Global warehouse that belongs to Schein (the "Schein Inventory"), in accordance with generally accepted accounting principles, as historically applied by Schein in conducting such inventory counts. Schein will (i) arrange for the Schein Inventory to be shipped, at Patterson Dental's expense, and (ii) provide an assessment of all Schein

4

Inventory that was received by Global, according to Schein's or Global's records, and that is lost, missing, damaged or destroyed. If that amount (calculated at Schein's unit average net cost, except for large equipment which will be at actual net cost) is in excess of $10,000, Holbrook will pay that excess to Schein within three business days of the conclusion of the count, by wire transfer to an account designated in writing by Schein. If Holbrook disputes the amount claimed by Schein, or any other determinations made in connection with that count, the parties will retain a mutually acceptable accounting firm located in Hawaii to conduct a review of the inventory count and any such determinations. The findings of such accounting firm will be final and binding. If the parties are unable to agree on a mutually acceptable accounting firm, they will select an accountant from a list of neutrals located in Hawaii maintained by the American Arbitration Association. The costs of such a review shall be borne equally by the parties.

    a. Schein's record of the inventory in Global's warehouse is annexed to the Stipulation of Settlement as Schedule A. Global, Patterson Dental and Holbrook reserve the right to dispute that record in accordance with the provisions hereof.

    b. Patterson Dental may have observers, including Holbrook, monitor the inventory count.

    c. For purposes of operating the warehouse equipment (for example, forklifts) in connection with the inventory count and removal, Schein shall utilize only personnel who are certified and trained in the operation of such equipment. Schein shall hold Patterson Dental harmless for any injuries or claims by the individuals conducting the inventory count and removal (not including the Patterson Dental observers) for injuries sustained while in the Global warehouse.

5

Schein shall be responsible for any damage to the Global warehouse or warehouse equipment caused by Schein personnel or representatives in connection with the inventory count and removal.

d. Schein shall be responsible for packing the inventory, and Schein shall select the vendor who will deliver the inventory to the address identified by Schein. Patterson Dental, Holbrook, and Global shall not be responsible for any damage to or loss of any such inventory after the inventory is picked up by the vendor selected by Schein.

5. <u>Letter To Global Customers</u>   Within three business days of the date of the Stipulation Of Settlement, Patterson Dental shall transmit to all customers of Global who were sent a letter in the form of Exhibit B thereto a copy of a letter, transmitted in the same manner, in the form of Exhibit C thereto.

6. <u>Operational Issues</u>

a. Patterson Dental may take delivery on any equipment order that was booked with a customer and placed by Global with a manufacturer prior to July 1, 2009, and may install any such equipment in a customer's offices during the Prohibition Period, in accordance with paragraph 1 of this Consent Order.

b. Within seven calendar days of the execution of this Stipulation of Settlement, Patterson Dental shall supply Schein with all available information concerning quotes or term sheets for equipment orders that were delivered by Global to customers or potential customers during the period January 1, 2009 through June 25, 2009. Except as provided in paragraphs 2, 6(a) and 6(e) of this Consent Order, Patterson Dental shall not during the Prohibition Period contact any

6

customers or potential customers in Hawaii concerning the purchase of equipment.

c. If any customers or potential customers in the State of Hawaii shall call Patterson Dental during the Prohibition Period seeking to order service for their dental equipment, Patterson Dental may provide such service.

d. Except as provided in paragraph 2, if any customers or potential customers in the State of Hawaii shall call Patterson Dental in Hawaii during the Prohibition Period seeking to purchase or to order any dental merchandise or equipment, the caller shall be advised that Patterson Dental cannot process the order prior to September 2, 2009. Any such caller shall be told, in substance, that Patterson Dental "recommends that you continue to order from the company whose supplies you have received in the past. We will contact you after September 1." No such caller shall be given a Patterson Dental toll-free number or other number outside the State of Hawaii to call.

e. Patterson Dental may not during the Prohibition Period contact for the purpose of demonstrating CAD/CAM equipment any customer or potential customer in the State of Hawaii on the list provided by Schein to whom Schein or Global has made a sales presentation for CAD/CAM equipment manufactured by D4D, including the model E4D, provided, however, that if such a customer or potential customer shall request, unsolicited, to see a demonstration of a CAD/CAM system manufactured by a company other than D4D, Schein will contact Patterson Dental for the purpose of arranging such a demonstration. If any such customer, unsolicited, contacts Patterson Dental directly to request a

7

demonstration of CAD/CAM equipment, Patterson Dental shall inform Schein for the purpose of arranging such a demonstration.

7. <u>Medical and Veterinary Supplies</u>    Schein, Global, and Patterson Dental acknowledge that all agreements between them relating to the sale of medical or veterinary products or equipment are terminated and of no further force or effect. During the Prohibition Period, the Global Salespeople shall not sell or offer to sell any medical or veterinary products or equipment to any customer in the State of Hawaii, or provide assistance of any kind to any other person in selling any such products, or communicate with or solicit any customer or prospective customer of medical or veterinary products or equipment in the State of Hawaii, or provide assistance of any kind to any other person in communicating with or soliciting such customers (except that the Global Salespeople may visit their personal physicians for the purpose of receiving medical care, or the veterinarians they have customarily visited when seeking care for any pet).

8. <u>Non-Disparagement</u>    All parties agree that they will notify their employees and other representatives not to make, and shall use their best efforts to cause their employees and other representatives not to make, derogatory or disparaging statements about any of the other parties to this Action, or any current or former employees or agents of such parties, relating to the (1) the Exclusive Sales Agent Agreement, dated April 1, 1996, as amended on May 1, 2002 and as amended on October 26, 2005, or (2) any agreement relating to the sale of medical or veterinary products or equipment, or (3) the facts alleged in the Complaint filed in the Action, or (4) this Action.

9. <u>Court's Jurisdiction</u>.   The provisions of this Consent Order shall survive the termination of this Action, and the Court shall retain jurisdiction with respect to enforcement of this Consent Order.

**SO ORDERED** this _____ day of July, 2009

_____
Leonard D. Wexler, U.S.D.J.